Mr. Finney. May it please the court, I'm going to give you four points of emphasis that I'm going to focus on this morning for the court's consideration. Basically, my first argument is going to be that summary judgment is almost universally inappropriate. According to the precedent, just as a general notion. It's certainly inappropriate in cases involving proximate cause. They're very fact-intensive. In this particular case, there are still unresolved material facts. There's disagreements. There's a genuine dispute over those. Even if there weren't, the defendant's argument that intervening equals superseding causation is not accurate. It's not what happened in this particular case. First of all, I'd like to just kind of harken back to the letter as it applies to motions for summary judgment. I understand that in the matter of course nowadays that summary judgment is a pretty effective tool, powerful tool, in the arsenal of litigants. But as a matter of fact, it's highly irregular, at least it should be. The Missouri courts have held that it's a drastic remedy. I looked up the definition for drastic in the Webster Dictionary and it said radical was another synonym you could use. We're talking about a radical remedy which borders on the denial-of-due process and effectively denies the party against whom is entered a day in court. Now our whole system is about that day in court. What we're talking about right now, summary judgment, it borders on being unconstitutional. It goes right up against that edge. It is a radical remedy. For visual purposes, we are almost depriving my client's constitutional rights. We're way out here, which means we've got to get way out here to basically balance the scales as far as the evidence and the laws go in this particular case. And it's just not what happened. Now the courts go on to say that it can only be granted when it is granted, which it should almost never be granted. But when it is, there has to be no genuine issue material fact. It is not proper if contradictory or different conclusions may be drawn from the evidence. The party moving for summary judgment must demonstrate by unassailable proof that there is no genuine issue of fact. We cannot overlook materials that raise genuine disputes. Well, in this case, we just start with what effectively the way I see this is what it means is the first thing we start with is a statement of uncontroversial material facts. Before we even get into the legal memorandum and apply the memo, we've got to know what are the facts. If there is any dispute over the facts, that's what the day in court is about. If they're material. If they're material, yes, Your Honor. Now in this case, what I would refer to is conceded by both parties to be material because we're talking about a fact in the statement of unmaterial facts. So there's no question that the facts that I'm going to address, that it's saying they're dispute, are material. Both sides agree. What is material in this particular case is the passage of time. Of course, that makes sense. We're talking about proximate cause, causation, a factor that goes into play is a passage of time. The respondents argue in their motion for summary judgment that it's a statement of uncontroverted material fact that it was 16 minutes. 16 minutes was the amount of time that passed. In our response to that on paragraph 21, we say deny. We dispute that. So we have an issue of material fact. We know it's an issue of material fact. So analysis ends right there. If there is a disagreement on material facts, we cannot get to questions of law on those facts because we don't know what the facts are. We can't apply law to facts before we know what those facts are. Did the district court rely on the 16 minutes or the 8 minutes? Your Honor, that is a little unclear. I believe so. Certainly, the defendants argue that this was an important factor. They say over and over again, but at least a couple of times, they say simply too far removed both geographically and temporally. That's on page 11 of their memorandum of law. They say, look, two important factors, geography and passage of time. They point those out as the two most important factors in proximate cause. Well, geography, there's little dispute. But we've got an argument over how much time was passed. But that argument may not matter if there's not a material difference between 8 and 16 minutes insofar as the legal doctrine of proximate cause is concerned. You're correct, Your Honor. It may not. And I don't disagree with that. But that, again, then gets into the question of what's most for summary judgment. I mean, we've got a question. Is this fact? We know it's material. We're going to apply the law to it. But we're talking about a drastic remedy here. If there's any question as to this fact, I mean, both sides agree it's material. We could come in and say, well, it may or may not be material. But that goes against what both sides are saying. We're both saying it's material. In fact, defendants say it's not only material, it's crucial. What if we assume it's 8 and then look at the evidence that way? That would be great, but that's not what happened. So you're saying the district court relied on 16? I'm saying that's what they said. I don't know what the district court relied on, Your Honor. I mean, that's the thing. There's a dispute over the fact. They say 16. They say 16 minutes passed. I beg your pardon while I find some notes here. Did 16 minutes come from the time the 911 calls were made? Your Honor, as far as I understand, no. What it comes from is basically the Missouri State Highway Patrolman showing up, talking to people, and putting in an estimate of how much time he thought passed. It could not be less scientific. And in fairness to the Missouri State Highway Patrolman, he acknowledges this. He says in his testimony, well, yeah, 16 minutes, it's a guess. It's based on talking to people, and it's my best estimate. Give or take four minutes either way. Well, what did the 911 call show? Because in this day and age of cell phones, if there's an accident, somebody's on their cell phone almost immediately. So what did the 911 call show? Your Honor, I don't believe that we know. I don't know if those facts have been actually presented to the court. So I couldn't speak to that right now. I do know that what the defendants rely on, I'm sorry, what the respondents rely on, is the sole point they rely on in establishing that there were 16 minutes, the only thing they rely on in their statement on comparable material facts, is the statement of the patrolman. The police report. Yes, yes. And also his testimony regarding that. He says, and I think it's a little unfair to the Missouri State Highway Patrolman to say, you have to give us the exact time. You're telling us it's 16 minutes. He says, no, I'm not saying that. I'm saying it's my best guess. And if you think about the way these things go, of course it's his best guess. I mean, these guys, they're the best, but they can only deal with the facts as they are. There is no scientific analysis that goes into establishing that, that it was 16 minutes. He says, I talked to people, it was somewhere between 8 and 16 or 8 and really 24. We know somewhere between 8 and 24. Well, let's assume it's 8. How do you distinguish the Ballman case then? I beg your pardon, Your Honor, I don't recall. That's the case in the Eighth Circuit that said in an almost identical situation, applying Nebraska law, that there was intervening proximate cause. Well, I distinguish it because what it says is, when we're talking about precedent regarding issues of proximate cause, the Missouri law indicates that each case is to be analyzed on its own, determining whether the first case can cause a continuing hazard. Proximate cause is probably the most confusing element for me, because what we're talking about is, in essence, a legal conclusion that's very factually intensive, because we have to say the facts are to create the legal conclusion. So the facts are the passage of time as a matter of law did not cause this, and there's a bunch of factors that go into it. So what does Missouri law tell us? In your view, how does Missouri law guide us in deciding how to determine that tricky issue of proximate cause? They defer. Missouri law says, generally these issues are left to a fact finder, because they're so fact intensive. The determination of the proximity of the causal relationship between the negligence and the injury is dependent upon the particular facts of each case, and so is generally an issue reserved for the trier of fact. That's on page 5, Your Honor, of our memorandum. But as I read some of the Missouri law, some of it comes about because lower courts are reversed on the issue of proximate cause, so it can't be entirely deferential to the fact finder in the first instance. I agree, Judge. I mean, Your Honor, and this is where it gets a little murky, frankly, because proximate cause is saying, well, you know, we don't think, and this is the question, what is Judge Weber telling us? He just basically says there's no proximate cause. Okay, well, why? I mean, if we sit down and we review this and say, well, what factors did he use in determining that? Passage of time. Well, is he telling us for a question of precedence, is he telling us that 8 minutes or 16 or 24? I mean, you can read that and say, well, 24 is too much. That doesn't necessarily mean 16, but you can certainly look at that evidence and come to the conclusion that it's 24 minutes had passed. But as I read his order, that's not really what he keyed in on. What he keyed in on was the fact that there was a half a mile of cars that were able to successfully stop after the first accident, and that therefore the fact that your client was involved in the end of the half mile line of cars means that there's an intervening proximate cause. Yes, Your Honor, but not superseding. And before I get into that, I think we cannot disclaim, you know, even if that's his focus, we cannot disclaim the factor as the respondents themselves have conceded. I beg your pardon, Your Honor. I just noticed I'm over my time for the beginning, but I'll just finish this point real quick. We cannot assume that that factor is irrelevant just because he keys in on one. It still goes in to the issue. Well, I want to ask you a question, too. I mean, we're reviewing this de novo. There's a classic high school or high school law school case, right, where a fire starts and the fire goes, you know, a quarter mile down the road and destroys all the houses in its path. The doctrine of proximate cause cuts off liability at some point as a matter of law. Yes. And usually it cuts it off at around a half a mile, a quarter mile, whatever the case may be. But at some point, the original torch feeser is no longer liable. Isn't this case the prototypical law school example in the form of a car accident? I don't know, Your Honor. I would say there is no prototypical proximate cause case. As Missouri law says, it's dependent upon the particular facts of the case. So, you know, we cannot assume, oh, well, the facts in this case are this. We don't know what the facts are. We don't know what Judge Weber was relying on when he said there is no proximate cause. That is still, again, we just go back to the statement of unconverted material fact. We don't even have to get into the legal memorandum. If there is a denial of one of their unconverted material facts, let's take it back to FactFinder. That's the whole issue. And we are talking about, again, a remedy that is radical, at least if you allow that synonym for drastic, that borders on unconstitutionality. I mean, there are extreme admonitions against granting summary judgment in precedent. It's almost universal. This is something you should really go into cautiously. Well, we have a disputed material fact. That in and of itself right there. Let's just, we need to send it back to the Finder fact. Let's have the day in court. That's the way the system is designed. Now, you know, again, I understand it gets a little murky because we're talking about proximate cause. But in this particular case, the court has given us no idea as to what fact it found. What fact did it find? It got into a question of, and how did he determine what was 24-8? I mean, did it look at the patrolman's, how did he determine, you know, by his body language? All of the things that go into a fact finder, the things that will go into its decision as to whether or not this is the fact, the court didn't have an opportunity to do that. The Finder, in fact, did not have an opportunity to do that because it wasn't presented. It was only presented as, this is undisputed. No, it's not undisputed. And so, you know, at the risk of repeating myself, I would just again point out that this is inappropriate almost always. I mean, almost always, but certainly in cases involving proximate cause and certainly in cases where the facts regarding proximate cause are disputed. Thank you very much. Thank you, counsel. Mr. Harper. Thank you very much. May it please the court. Chris Harper on behalf of FFE Transportation and Roy Bryce in this matter. It sounds like the court is conversant on the facts of the case. They are uncontroverted. Our client, Mr. Bryce, was involved in what I would call accident number one on I-70 where there was a lane closure. We were involved in a fender bender with a person named Mr. Sapper who's not a party to this case. As the court has noted, there was a half mile backup of traffic behind our accident. Numerous vehicles were able to successfully stop and not run into each other. And then at the back of the line, unfortunately, Mr. Kim Ross, who his conduct hasn't really been brought up today, Mr. Kim Ross was speeding, didn't swerve, didn't brake, didn't do anything to prevent himself from slamming into the back of the similar vehicle causing Mrs. Simler's injuries. From these uncontroverted material facts, I agree with your honor that this is the prototypical proximate cause case. This is exactly the kind of case where it's entirely appropriate when the facts are uncontroverted for the district court or this court to say, Mr. Bryce cannot possibly be liable for Mrs. Simler's injuries that happened a substantial period of time after his fender bender with Mr. Sapper a half a mile back. What about the eight to 16 minute dispute? I can't figure out why it's important, but I do know opposing counsel thinks it's important. And so I want to give you a chance to respond. No, I appreciate that. And I do think that the Simlers are getting a little bit hung up on the idea of eight minutes versus 16 minutes. And in fact, I would point out that their brief actually says it could be a window of eight minutes to 24 minutes based on this idea that Corporal Miller's estimate of the accident times could be off a little bit either way. In our view, it's not material, whether it's eight minutes, 16 minutes, or 24 minutes. When we're talking about the dimension of time between these two accidents, whether it's eight, 16, or 24, that's plenty of time to weigh against proximate causation. But I would also add that time is not the only dimension that the district court relied upon. And in fact, I think the court is right that what the district court was really keyed in on and what I think this court should be keyed in on is not only the time, but the distance, a half mile, but especially the fact that a half mile of cars of drivers were able to successfully stop. The case law, including Bowman and all the cases that are cited by Bowman from the Seventh Circuit and various state courts around the country, the ability of other drivers to avoid this first accident is a really critical fact, and there's no dispute on that here. The other extremely critical fact, and it's also the legal doctrine of an efficient intervening cause, Mr. Ross's negligence, his extraordinary negligence in speeding, not swerving, not braking before he struck Ms. Simler, is the linchpin here. So you've got time, space, a whole line of cars who stopped successfully, and especially Mr. Ross's intervening negligence, which directly caused Ms. Simler's injuries. Those four things, when you add them all together, makes this, again, the prototypical law school exam question of absence of proximate cause. So I think that this court could very easily say, look, whether it's 8, 16, or 24 minutes, that's not really the dimension on which this case turns. I mean, there's no material dispute there because time is not the only factor here. So when you say it's the uncontroverted facts, you're not including the time because you don't think that's material? So I think that the amount of time could be material. For example, if there was evidence in the record that the second accident happened five seconds after our accident, okay, maybe we have something to talk about there, but that's not what the uncontroverted material facts are. It's 8 minutes, 16 minutes, or 24 minutes. So when you say uncontroverted facts, you're giving the range of what everyone agrees the range is. Correct. I mean, we're happy to say that a window of 8 to 24 minutes is supported by the uncontroverted material record or the uncontroverted record. And to the extent that the court feels the passage of time is important in the proximate causation analysis, that's plenty of time, especially when combined with the distance and the intervening cause of Mr. Ross's negligence and the line of vehicles that stopped successfully between these two accidents. Really, I mean, we think this is a very clear-cut issue of law. I mean, proximate causation, for all of counsel's problem with the idea of summary judgment, the fact remains that proximate causation is an issue of law for the court. And where the material facts are uncontroverted, it's entirely appropriate to enter a summary judgment on the issue of proximate cause. This court did it in Bowman, which, as this court has noted, is extraordinarily factually similar to the case at Barr and cases that were cited within the Bowman decision as well. Those were all cases in which the uncontroverted facts were that two separate motor vehicle accidents were distant from each other enough in time, space, and with other factors to make summary judgment appropriate. And we believe it's appropriate in this case as well. Just to address briefly a couple of issues raised by similar counsel, the issue of whether the highway patrolman, counsel argues that the highway patrolman's estimate of the time is unscientific. It's really just a guess. He has no idea. I want to point out that Corporal Miller is a certified accident reconstructionist. He was designated as a non-retained expert by the Similars for his expertise in accident reconstruction. And he testified, and this is on the briefs, about how he's investigated thousands of accidents, the methodology that he uses, which is accepted in the accident reconstructionist field, and how he figures out how to complete his analysis. And so I think the idea that the police officer is just sort of taking a stab in the dark at the material aspects of these two accidents is not founded in the record. Again, we think this is pretty clear. I'm not sure there's a whole lot more I can add other than the uncontroverted material facts here warrant summary judgment on the issue of proximate causation. Thank you. Does Mr. Finney have any rebuttal time? No, Your Honor. I think we understand your argument. Is there anything else you wanted us to know? No, Your Honor. All right. Thank you both. Thank you both for your argument and your briefing, and we'll take the matter under consideration. The clerk, please call the next case for argument. The next case, number 182611, Western Missouri, Missouri Broadcasters Association et al. v. Eric S. Schmidt et al.